* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn, with modifications.
 * * * * * * * * * * *
The Full Commission finds as additional fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The date of the injury by accident was July 24, 2001.
3. Bar Construction Company, Inc., was insured for workers' compensation by Key Risk Insurance Company at all times herein.
4. The plaintiff's average weekly wages will be determined from the evidence offered in this matter.
5. North Carolina AT State University (NCAT) entered into a construction contract with Bar Construction Company, Inc., for the construction of a new bull and calf barn on or about June 6, 2001, and this contract was in full force and effect when plaintiff suffered an injury on the construction site in Greensboro, North Carolina, on or about July 24, 2001.
6. NCAT obtained proof of workers' compensation insurance from Bar Construction Company, Inc.
7. At the time of the plaintiff's injury on July 24, 2001, Bar Construction Company, Inc., was the general contractor or principal contractor for the construction of the new bull and calf barn on the premises of NCATSU.
8. At the time of the plaintiff's injury, J. Cliff Redding Construction was a subcontractor for Bar Construction Company, Inc.
9. At the time of the plaintiff's injury, Bar Construction Company, Inc., had not obtained from subcontractor J. Cliff Redding Construction a certificate, issued by a workers' compensation carrier or a certificate of compliance issued by the Department of Insurance for a self-insured subcontractor, stating that J. Cliff Redding Construction had complied with N.C. Gen. Stat. § 97-93.
10. Prior to the start of this hearing, the plaintiff stipulated that he was not proceeding against the defendant Thomas Davis Hauling, Inc.
11. The issue to be determined by the Commission is what, if any, benefits is the plaintiff entitled to receive under the North Carolina Workers' Compensation Act?
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff was 37 years old at the time of hearing before the Deputy Commissioner, and has obtained a GED.
2. On July 24, 2001, the plaintiff was injured when the dump truck he was operating overturned while he was working at the construction site of the new NCAT bull and calf barn.
3. As a result of the injuries the plaintiff sustained, he was taken to Moses Cone Memorial Hospital on July 24, 2001, for treatment. The emergency medical physician who examined the plaintiff diagnosed his condition as fractures of his 8th and 9th ribs.
4. Prior to the July 24, 2001, injury by accident, the plaintiff suffered from ankylosing spondylititis, a progressive condition that causes the back to form a "C" shape. In 1996, prior to the injury at issue, the plaintiff suffered fractures along the T10-11 portions of his spine. For a period of almost three years prior to the accident at issue, the plaintiff had been taking pain medications for back pain, and his pre-accident pain was so severe that his back would ache continually at nights and he would be unable to sleep on his back because of the pain and discomfort.
5. The plaintiff was out of work for three days following his injury by accident, and returned to work performing his regular job until October 17, 2001. The plaintiff indicated that he worked in pain following his accident. Although the plaintiff worked in pain prior to this injury, he testified that the pain was greater following the injury by accident.
6. On October 17, 2001, the plaintiff was seen by Dr. Karl C. Boatright. Dr. Boatright diagnosed the plaintiff's condition as pre-existing ankylosing spondylitis, and a new injury consisting of fractures of the spine at T7-8. Dr. Boatright immediately took the plaintiff out of work, and referred the plaintiff to Dr. Paul B. Suh for surgery.
7. Dr. Boatright indicated that it was not unusual for the emergency physicians to miss the fractures at T7-8 due to the plaintiff's pre-existing condition. Dr. Boatright was of the opinion that the plaintiff had suffered the fractures at T7-8 on July 24, 2001, when the dump truck over turned because it would take a trauma to cause this kind of injury. It was also Dr. Boatright's opinion that the injury of July 24, 2001, had exacerbated the plaintiff's ankylosing spondylitis, causing him severe pain. Thus, based upon the testimony of Dr. Boatright, the Full Commission finds that July 24, 2001 injury by accident caused the fractures at T7-8, or alternatively, caused an aggravation of the plaintiff's ankylosing spondylitis.
8. As recommended by Dr. Boatright, Dr. Suh performed a spinal fusion on November 30, 2001. The plaintiff remained under Dr. Suh's care through July 1, 2003.
9. Dr. Suh believed that the plaintiff suffered a thirty percent (30%) permanent partial disability to his back as a result of all the problems from which he suffered; however, he did not indicate what percent of that rating was related to the T7-8 fracture. Dr. Suh could not say whether the plaintiff's T7-8 fracture was a result of the accident of July 24, 2001, and deferred to Dr. Boatright's opinion as to the cause of the T7-8 fracture.
10. Although the record does not show that Dr. Suh officially wrote the plaintiff out of work, he was of the opinion that the plaintiff would have been out of work for six months following the surgery and, thereafter, could return to work.
11. The plaintiff has received pain treatment from Dr. Caroline Prochnau, Dr. F.C. Mangundayao, Dr. Pamela Penner, and Dr. Mark Scheutzow to help him manage the pain caused by his back.
12. The plaintiff maintains that he is unable to return to work because of continued back pain; however, the medical evidence of record fails to show that any doctor has continued to write the plaintiff out of work following his post-surgery recovery. Thus, the Full Commission finds that the plaintiff has failed to show that he was incapable of work after May 30, 2002, the last day in which he would have been kept out of work by Dr. Suh following the November 30, 2001 surgery. Further, the plaintiff has not shown that he is unable to find suitable employment or that it would be futile for him to look for work, given he is under 40 and has a GED.
13. The plaintiff's average weekly wage at the time of his injury by accident was $500.00, yielding a weekly compensation rate of $333.35.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on July 24, 2001. N.C. Gen. Stat. § 97-2(6).
2. In order to meet the burden of proving disability, the plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). When a plaintiff meets his burden of showing disability, the burden then shifts to the defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms, Inc.,supra. In the present case, the medical evidence shows that the plaintiff was disabled from employment from October 17, 2001, through May 30, 2002, the last day in which he would have been kept out of work by Dr. Suh following the November 30, 2001 surgery. The plaintiff has failed to show that he was incapable of work after May 30, 2002, that he is unable to find suitable employment, or that it would be futile for him to look for work, given he is under 40 and has a GED. Russell v. Lowes ProductDistribution, supra.
3. As a result of his injury, the plaintiff is entitled to temporary total disability compensation at the weekly rate of $338.20 from July 25 through July 28, 2001, and from October 17, 2001, through May 30, 2002. N.C. Gen. Stat. § 97-29.
4. The plaintiff is entitled to have the defendants provide all medical compensation arising from the July 25, 2000 injury by accident as reasonably necessary to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
5. "Any principle contractor . . . who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate . . . stating that such subcontractor has complied with N.C. Gen. Stat. § 97-93 hereof, shall be liable . . . for the compensation and other benefits under this Article on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract." N.C. Gen. Stat. § 97-19. However, "[a]ny principle contractor . . . may recover the amount so paid from any person, person, or corporation who independently of such provision, would have been liable for the payment thereof." Id. Thus, the Full Commission finds J. Cliff Redding Construction, the subcontractor, to be liable for the compensation awarded to the plaintiff herein. Bar Construction Company, Inc., the contractor, shall be liable only in the event that Redding is unable to pay.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendant Redding shall pay to the plaintiff temporary total disability compensation at the weekly rate of $338.20 from July 25 through July 28, 2001, and from October 17, 2001, through May 30, 2002, subject to the attorney's fee provided herein. Because this compensation has accrued, it shall be paid to the plaintiff in a lump sum.
2. The defendant Redding shall pay for all medical expenses incurred or to be incurred by the plaintiff as a result of his compensable injury when bills for the same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen the plaintiff's period of disability.
3. The defendant Redding shall pay to the plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded to the plaintiff herein. Because this fee is based upon compensation that has accrued, it shall be paid to the plaintiff's counsel in a lump sum.
4. The defendant Redding shall pay the costs of this action.
This 20th day of January 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
 S/____________ BUCK LATTIMORE CHAIRMAN